KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
email: ktkennedylaw@gmail.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND BRADLEY, III | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALLEGIANT TRAVEL COMPANY, a | ) |
| Nevada Corporation, ALLEGIANT AIR | ) |
| LLC, a Nevada limited liability company, | ) |
| DOES 1-10, inclusive; ROE | ) |
| CORPORATIONS 1-10, inclusive, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT
### Jury Trial Demanded

COMES NOW, the Plaintiff, RAYMOND BRADLEY, III, by and through his undersigned counsel, KIRK T. KENNEDY, ESQ., who files this Complaint against the Defendant and would allege as follows:

1. Plaintiff, RAYMOND BRADLEY, is a resident of Clark County, Nevada and did so reside herein during all events complained of in this action.

2. Defendant, ALLEGIANT TRAVEL COMPANY and ALLEGIANT AIR LLC, is a Nevada corporation or organized entity which operates and exists in Nevada and did so operate and exist herein during all events complained of in this action.

3. Defendant named herein is an employer within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, as well as under Nevada's anti-discrimination statues.

1

4. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1-10 and Roe Corporations 1-10, and will amend her complaint to show their true names and capacities when the same are ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned each and every defendant was the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment. Each defendant, in doing the acts alleged herein, was acting with the consent, permission and authorization of each of the remaining defendants.

5. Plaintiff timely submitted a charge of discrimination with the Equal Employment Opportunity Commission (487-2026-01095), which assumed jurisdiction over the charge.

6. Plaintiff received a right to sue letter served on or about April 1, 2026, from the Equal Employment Opportunity Commission.

7. Both jurisdiction and venue are appropriate as all events occurred in Clark County, Nevada; the Defendant operates in Nevada; and jurisdiction is predicated upon a federal cause of action under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

8. Plaintiff, an African American male over age 40, was hired by the Defendant in December, 2005, in the position as a Pilot and was wrongfully terminated on or about August, 2025.

9. From on or about 2024 through August, 2025, Plaintiff experienced frequent, adverse and targeted harassing and hostile conduct directed against him from his supervisor(s), as well as other managerial employees, which created and contributed to a hostile work environment that materially and negatively impacted Plaintiff's job position and performance.

10. The adverse treatment, based on Plaintiff's age and race directed at Plaintiff by the Defendant through its supervisors and managerial employees, includes the following:

2

a. Plaintiff enduring unfair criticisms, harassment and adverse comments which were premised on Plaintiff's race and age from supervisor(s) of the Defendant.

b. Plaintiff was subjected to closer supervision and scrutiny by Defendant's agents, as opposed to other pilots working for Defendant, which negatively impacted Plaintiff's job performance, said closer supervision also contrary to the Defendant's policies, procedures and practices.

c. Plaintiff's supervisor(s) engaged in adverse and hostile conduct which materially affected the terms and conditions of Plaintiff's employment by conduct which treated him differently than other non-African American co-workers and harmful to Plaintiff's work environment.

d. Plaintiff was subjected to the foregoing disparate treatment based on his race and age, which created an adverse and hostile work environment as set forth herein.

e. Plaintiff complained to the Defendant's Human Resources office regarding the harassment and adverse conduct from his supervisor(s), however these complaints were unresolved and ignored by the Defendant, which resulted in further retaliation and harm against the Plaintiff.

f. Defendant's conduct, as detailed above, created a hostile work environment premised on Plaintiff's race and age which subjected the Plaintiff to different and materially adverse working conditions than other pilots for Defendant, who were not subjected to the same level of scrutiny, over-supervision, criticisms and abusive language which was directed at Plaintiff by his supervisor(s), as well as different and materially adverse working conditions than other employees; who were also not subjected to the same level of scrutiny, criticisms and abusive language as Plaintiff.

g. At all times herein, Plaintiff satisfactorily performed his job and was qualified for his position as a pilot for over 20 years with Defendant.

11. Defendant and its agents failed to protect Plaintiff from harm caused by the discriminatory conduct noted herein, despite being on notice of the wrongful conduct, said Defendant being on notice that Plaintiff was in a protected class; that he was qualified for his position as a pilot and performing satisfactorily; that the Defendant

3

treated the Plaintiff in an openly hostile and adverse manner as opposed to others outside his protected class; and that the Defendant was in need of the Plaintiff's skills and services.

12. On or about August, 2025, Defendant willfully, intentionally and wrongfully terminated the Plaintiff without cause, justification or excuse and upon reasons which violated federal and State law.

13. The Defendant's conduct in wrongfully terminating the Plaintiff's employment in August, 2025, was unlawfully premised upon Plaintiff's race and age and not based upon any valid performance concern or reason.

14. Defendant's wrongful discriminatory conduct and wrongful termination of the Plaintiff caused harm and damages in an amount in excess of $1,000,000.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964; THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND NEVADA STATE LAW**

15. Plaintiff realleges, readopts, and reincorporates the allegations contained in paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff, an African American male over age 40, was subjected to regular and frequent acts of discrimination, harassment, intimidation, retaliation and unequal treatment in an overall hostile work environment, as a result of conduct and actions of the Defendant and its agents, said conduct in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and Nevada's anti-discrimination state statutes. This conduct includes, *but is not limited to*, Plaintiff suffering race and age based harassment and discriminatory conduct from agents of the Defendant, from which the Defendant failed to take any reasonable steps to protect Plaintiff; Plaintiff suffering unequal and disparate treatment as opposed to his co-workers and caused by agents of the Defendant; Plaintiff suffering an overall hostile work environment and harassment caused by actions and conduct of agents of the Defendant; Plaintiff suffering retaliatory conduct by the Defendant and its agents; and Plaintiff suffering other harm.

17. The adverse treatment based on Plaintiff's race and age directed at Plaintiff by the Defendant includes, but is not limited to:

a.  Plaintiff enduring unfair criticisms, harassment and adverse comments which were premised on Plaintiff's race and age from supervisor(s) of the Defendant.

b.  Plaintiff was subjected to closer supervision and scrutiny by Defendant's agents, as opposed to other pilots working for Defendant, which negatively impacted Plaintiff's job performance, said closer supervision also contrary to the Defendant's policies, procedures and practices.

c. Plaintiff's supervisor(s) engaged in adverse and hostile conduct which materially affected the terms and conditions of Plaintiff's employment by conduct which treated him differently than other non-African American co-workers and harmful to Plaintiff's work environment.

d.  Plaintiff was subjected to the foregoing disparate treatment based on his race and age, which created an adverse and hostile work environment as set forth herein.

e. Plaintiff complained to the Defendant's Human Resources office regarding the harassment and adverse conduct from his supervisor(s), however these complaints were unresolved and ignored by the Defendant, which resulted in  further retaliation and harm against the Plaintiff.

f.  Defendant's conduct, as detailed above, created a hostile work environment premised on Plaintiff's race and age which subjected the Plaintiff to different and materially adverse working conditions than other pilots for Defendant, who were not subjected to the same level of scrutiny, over-supervision, criticisms and abusive language which was directed at Plaintiff by his supervisor(s), as well as different and materially adverse working conditions than other employees; who were also not subjected to the same level of scrutiny, criticisms and abusive language as Plaintiff.

g. At all times herein, Plaintiff satisfactorily performed his job and was qualified for his position as a pilot for over 20 years with Defendant.

18.  As a direct and proximate result of the Defendant's actions, Plaintiff suffered harm and damages in an amount in excess of $1,000,000.  Furthermore, to the extent that the

5

Defendant's conduct was malicious and oppressive in form, Plaintiff seeks an award of punitive damages in an amount sufficient to punish and deter the Defendant to be determined according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For compensatory damages, including, but not limited to, future pecuniary losses, physical and emotional pain and suffering, physical discomfort, inconvenience, mental anguish and loss of enjoyment of life in a sum according to proof at trial.

2. For damages related to lost wages, benefits and other compensation in excess of $1,000,000.

3. For punitive and exemplary damages according to proof at trial.

4. For reasonable attorney's fees incurred herein.

5. For costs of suit and prejudgment interest.

6. For such other and further relief deemed appropriate by this Court.

Dated this 22nd day of May, 2026.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

6

## JURY TRIAL DEMAND

Pursuant to FRCP 38, Plaintiff does hereby demand a trial by jury of all issues and claims raised in this Complaint.

Dated this 22nd day of May, 2026.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

7